**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **COLTON J. BRASWELL,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**BRENDAN KELLY, in his official capacity as Director of the Illinois State Police, et al.,**<br><br>**Defendants.** | ) | **Case No. 3:24-cv-02393-DWD** |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Now before the Court is Defendant Brendan Kelly's Motion to Dismiss. (Doc. 56). Defendant Kelly seeks dismissal of Plaintiff's Second Amended Complaint (Doc. 47) pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). For the reasons set forth below, Defendant's Motion is GRANTED.

## BACKGROUND

### I. FACTUAL BACKGROUND

Plaintiff Colton J. Braswell alleges that during his "police classes", a dispute arose on March 13, 2024, that resulted in him leaving the school. (Doc. 47, pg. 2). The day after, a clear and present danger report was sent anonymously to the Illinois State Police requesting that Plaintiff be found a clear and present danger; the report resulted in his

Firearm Owner's Identification (herein "FOID") being deactivated and a notation in the LEADS[1] system that he was found to be a clear and present danger. (*Id.*).

Plaintiff asserts several claims against various different Illinois law enforcement personnel. Count I alleges a procedural due rights violation under the Fourteenth Amendment and seeks this Court to order Defendant Kelly to vacate the clear and present danger finding. (*Id.* at 6). Count II alleges Plaintiff was, at the time of the underlying events, an Illinois citizen, but has since relocated to and become a citizen of Alabama. (*Id.* at 1). In Count III Plaintiff alleges that Defendant Dietrich deprived Plaintiff of his property rights under the Fourth and Fourteenth Amendments when firearms, ammunition and weapons were seized and not returned pursuant to a warrant issued on a restraining order secured by the Washington County Sheriff's Office. (Doc. 47, pg. 10). In Count IV, Plaintiff contends that Defendant Dietrich personally filed a clear and present danger report without a good faith basis to do so which resulted in the revocation of his FOID card. (Doc. 47, pg. 11)

## II. Procedural History

Plaintiff filed his Second Amended Complaint (Doc. 47) on March 10, 2026. Defendant Kelly filed the Motion to Dismiss (Doc. 56) on May 6, 2026. Plaintiff then filed a Motion for Extension of Time to Respond (Doc. 57) on June 16, 2026, eleven days after

[1] "LEADS" refers to the Law Enforcement Automated Data System, which "is a statewide, computerized telecommunications system designed to provide services, information and capabilities to the law enforcement and criminal justice community in the State of Illinois." *See* Illinois LEADS Reference Manual, at 1 (available at https://isp.illinois.gov/LawEnforcement/GetFile/f8b433b9-0ae5-4013-91c4-43c500c634e5) (last accessed October 23, 2026).

a response was due under SDIL-L.R. Rule 7.1(b)[2]. The Motion was denied because Plaintiff did not show good cause or excusable neglect for the extension. (Doc. 59). Following this, Plaintiff's counsel filed a motion to withdraw on June 18, 2026, citing the reason being deterioration in the attorney-client relationship. (Doc. 61, pg. 1). Plaintiff then filed an appearance denoting he would proceed *pro se* on July 14, 2026. (Doc. 64). Plaintiff filed his response to the Motion to Dismiss on October 19, 2026. (Doc. 71).

## DISCUSSION

### I. LEGAL STANDARD

Rule 12(b)(1) motions ask the court to dismiss claims due to the court lacking subject matter jurisdiction over the issues. Fed. R. Civ. P. 12(b)(1). The court must accept all "well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff." *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 2 F.4th 1002, 1007 (7th Cir. 2021).

Article III of the Constitution "limits the federal judicial powers to deciding 'Cases' and 'Controversies.' *Id.* Under Article III, a plaintiff must have standing; the standing doctrine "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). A standing challenge under Rule 12(b)(1) typically takes "the form of a facial or factual attack on the plaintiff's allegations." *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 279 (7th Cir. 2020). Facial attacks tests whether the allegations, "taken as true, support an

[2] "An adverse party shall have **30 days** after service of a motion listed [in SDIL-L.R. Rule 7.1(b)(1)] to file a response." SDIL-L.R. Rule 7.1(b)(1)(A).

inference that the elements of standing exist." *Id.* (citing *Apex Dig., Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443-44 (7th Cir. 2009)).

Motions brought pursuant to Rule 12(b)(6) permit a defendant to raise via motion the assertion that a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Motions under 12(b)(6) can be based exclusively "on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). To survive a Rule 12(b)(6) motion to dismiss, the complaint must (1) describe the claim in sufficient detail to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 346 (2005), and (2) contain sufficient "factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009) (internal citation omitted).

## II. Analysis

### a. Whether Plaintiff Has Standing to Bring His Claims

In order for a plaintiff to bring a case in a federal court, they must establish the "irreducible constitutional minimum" of standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc.*, 578 U.S. at 338. Where the injury in fact is in the past, and the plaintiff seeks only forward-looking relief, "the past injuries are

relevant only for their predictive value." *Murthy v. Missouri*, 603 U.S. 48, 59 (2024). As such, where a plaintiff seeks forward-facing relief, they must face a "real and immediate threat of repeated injury." *Id.* at 58 (citation modified). Allegations of future injury "may suffice if the threatened injury is certainly impending, or there is a substantial risk that the harm will occur." *Id.* (quoting *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014)). However, allegations of "future injury founded on nothing more than conjecture or hypothesis do not suffice." *Arcidiancono v. Whitehorn*, 178 F.4th 338, 344 (7th Cir. 2026) (citing *Morgan v. Fed. Bureau of Prisons*, 129 F.4th 1043, 1048 (7th Cir. 2025)).

When interpreting an Illinois statute, federal courts must apply Illinois' rules of statutory construction. *In re Hernandez*, 818 F.3d 563, 569 (7th Cir. 2019). "'The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature,' and '[t]he best evidence of legislative intent is the statutory language.'" *Id.* (quoting *People v. Donoho*, 204 Ill.2d 159, 788 N.E.2d 707, 715 (2003)). "When assessing legislative intent, courts should consider, in addition to the statutory language, the reason for the law, the problems to be remedied, and the objects and purposes sought." *Id.* (citation modified). "Statutory provisions should not be read in isolation but 'as a whole; all relevant parts of the statute must be considered when courts attempt to divine the legislative intent underlying the statute.'" *Id.* (quoting *People v. NL Indus.*, 152 Ill.2d 82, 604 N.E.2d 349, 356 (1992)).

Here, Plaintiff seeks to have the clear and present danger report removed so he might be permitted to obtain a FOID card should he choose to return to Illinois. However, in seeking such forward-facing relief Plaintiff fails to establish an injury in fact. Illinois

law requires that the applicant be "a resident of the State of Illinois." 430 ILCS 65/4(a)(2)(xiv). In Count I of the Second Amended Complaint (Doc. 47) Plaintiff states that he was "formerly a citizen of Illinois but has since become a citizen and resident of Alabama." (*Id.*, pg. 1). Plaintiff's contention that he might wish to move back to Illinois someday does not demonstrate the existence of impending harm. Rather, it is hypothetical, contingent and uncertain. As such, the possibility that he may sometime in the future develop a desire to take up residency in the State of Illinois does not make his claim presently ripe for adjudication. *See Arcidiancono,* 178 F.4th at 344; *Texas v. United States*, 523 U.S. 296, 300 (1998) (claims are considered unripe where they rest "upon contingent future events that may not occur as anticipated or indeed may not occur at all") (citation modified).

Even if Plaintiff were able to establish that his possible return to Illinois represents an injury in fact, he must still show that it is fairly traceable to the defendant's conduct. *See Pit Row, Inc. v. Costco Wholesale Corp.*, 101 F.4th 493, 502 (7th Cir. 2024). In order to be fairly traceable, Article III requires no more than a "meaningful connection between the two." *Id.* (citing *Dep't of Ed. v. Brown*, 600 U.S. 551, 568 (2023)) (citation modified). Plaintiff does not show any meaningful connection between the clear and present danger finding and Defendant Kelly's conduct. Rather, the only person that he ties to the finding is Defendant Kettlecamp as the person who actually entered the finding and revoked his FOID card. (Doc. 47, pgs. 6-7). As such, even if Plaintiff were to establish injury in fact, he fails to show his injury has any connection to Defendant Kelly.

Defendant Kelly also asserts, somewhat in passing, that even if the Court could redress Plaintiff's alleged injury, the Court could not enjoin him from following and implementing state law. (Doc. 56, pg. 11) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984)). He argues that doing so would run afoul of "the principles of federalism that underlie the Eleventh Amendment." (Doc. 56, pg. 11). However, the Court has already found that Plaintiff has failed to establish an injury in fact and that whatever injury he claims to have suffered is not fairly traceable to Defendant Kelly's conduct. Inherent in those determinations is that this Court lacks jurisdiction to address merit-based arguments. *See Ware v. Best Buy Stores, L.P.*, 6 F.4th 726, 730-31 (7th Cir. 2021) (declining to address arguments made by petitioners because the district court lacked subject-matter jurisdiction over the case). Accordingly, the Court further finds that it is unable to address that merit-based argument, and, in any event, it is unnecessary that it do so. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("[w]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

b. WHETHER PLAINTIFF'S CLAIM IS MOOT

Defendants assert that the claim that the clear and present danger aspect of the FOID Card act is unconstitutional is mooted by subsequent revisions to the act itself. Where there is no live controversy, the case becomes moot and any opinion would simply be "advising what the law would be upon a hypothetical state of facts." *See North Carolina*

*v. Rice*, 404 U.S 244, 246 (1971); *cf. McMillian v. Litscher*, 72 Fed. Appx. 438, 442 (7th Cir. 2003) ("An amendment that clearly rectifies a rule's defect renders moot a request for an injunction against the application of that rule") (citing *Rembert v. Sheahan*, 62 F.3d 937, 940-41 (7th Cir. 1995)). The amendments to the FOID Card act adjust the clear and present danger reporting procedure and how those who have had their FOID cards revoked may appeal the decision. Of particular note to the instant case, the amendments require the FOID Review Board to establish a process for individuals found to be a clear and present danger pursuant to 430 ILCS 65/8(f) to seek expedited review. *See* 430 ILCS 65/10(c-5)(5); 430 ILCS 65/8(f) ("[a] person whose mental condition is of such a nature that it poses a clear and present danger to . . . any other person or persons, or the community."). The FOID Review Board's process for expedited review has since been established. *See generally* 20 Ill. Adm. Code 3500.400.

Plaintiff originally commenced this lawsuit on October 30, 2024. The amendments to the clear and present danger portion of the FOID card act were signed into law as part of Public Act 104-005 on June 16, 2025, and became effective January 1, 2026. The FOID Review Board then established the process for expedited review which became effective April 3, 2026.[3]

Plaintiff, in the Second Amended Complaint stated that he was provided with no procedural rights by the state in revoking his FOID card. (Doc. 47, pg. 6). The amendments to the FOID Card act and the process put into place by the FOID Review

[3] This regulation was added at 50 Ill. Reg. 5337.

Board appear to grant procedural rights that address the very issues raised by Plaintiff in his Second Amended Complaint. So, with these new protections and procedures in place, Defendant Kelly's argument that Plaintiff's relative claims are mooted may or may not be well-founded. But, whether the expedited review process itself is adequate or whether the amendments moot Plaintiff's claim is not for the Court to determine given its want of jurisdiction.

In the final analysis, whether Plaintiff's claim is mooted is irrelevant without standing. Standing must be satisfied at the outset of litigation. *Perry v. Vill. of Arlington Heights*, 186 F.3d 826, 830 (7th Cir. 1999). When "a party *with standing* at the inception of the litigation *loses it* due to intervening events, the inquiry is really one of mootness." *Parvati Corp. v. City of Oak Forest*, 630 F.3d 512, 516 (7th Cir. 2010) (emphasis added). Conversely, where a party lacks standing at the outset of the litigation, mootness is irrelevant. *See Cornucopia Inst. v. United States Dep't. of Agric.*, 884 F.3d 795, 797-98 (7th Cir. 2018) ("[a]s the members lack standing so does the Institute. What we have said so far resolves this appeal, and we need not consider the possibility that the case has become moot."). But, because the Court has determined that Plaintiff has failed to establish Article III standing making the suit non-justiciable, "whether it would be non-justiciable for a further reason is unimportant." *Id.* at 798.

c. FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(b)(6).

In light of the finding that there is no case or controversy and that Plaintiff's case may be dismissed pursuant to Fed. R. Civ. P. 12(b)(1), the Court need not address dismissal pursuant to Fed. R. Civ. P. 12(b)(6). The requirement that jurisdiction be

"established as a threshold matter . . . is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998) (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)). Because the Court grants Defendant Kelly's Motion to Dismiss for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the Court "will not address the merits of the complaint under Rule 12(b)(6)." *Bd. of Educ. of City of Chi. V. Chicago Teachers Union*, 16 C 10299, 2017 WL 4237046, at *5 (N.D. Ill. Sep. 25, 2017); *cf. Cook v. Winfrey*, 141 F.3d 322, 325 (7th Cir. 1998) ("It is axiomatic that a federal court must assure itself that it possesses jurisdiction over the subject matter of an action before it can proceed to take any action respecting the merits of the action.").

d. DEFENDANTS KETTLEKAMP AND DIEDERICH AND LACK OF SERVICE

Plaintiff requested summons to be issued to Defendants Jeff Diederich and Zachary Kettlekamp on March 20, 2026, and summons were issued on March 23, 2026. (Docs. 47, 48). Plaintiff did not file any proof of return of service or provide evidence that service was made in any manner. Neither Defendant Kettlekamp nor Diederich have since filed an answer or, as far as the record reflects, participated in the litigation.[4] Additionally, Plaintiff has not sought a default against Kettlekamp or Diederich. Simply, the record does not support that service of process was properly effected. A district court "may not exercise personal jurisdiction over a defendant unless the defendant has been properly served with process." *United States v. Ligas*, 549 F.3d 497, 500 (7th Cir. 2008).

[4] Counsel for Defendant Diederich filed an Entry of Appearance on May 5, 2026, but did not file anything additional. (Doc. 55); However, "the filing of an 'appearance form' does not relieve plaintiff from executing proper service of process upon the defendants. See Fed. R. Civ. P. 4(a) (charging plaintiff with the responsibility for serving complaint and summons on defendant)." *Lewellen v. Morley*, 909 F.2d 1073, 1077 (7th Cir. 1990)

Significantly, "if a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m)

Given that it does not appear that either Defendant Diederich or Kettlekamp have been properly served since the filing of the Second Amended Complaint in March 2026, Plaintiff will be directed to show cause why his case should not be dismissed as to Defendants Diederich and Kettlekamp.

## Conclusion

For the reasons set forth in this Memorandum and Order, Defendant's Motion to Dismiss (Doc. 56) is **GRANTED**. Accordingly, this action is **DISMISSED** without prejudice as to Defendant Brendan Kelly and the Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant Brendan Kelly against Plaintiff Colton J. Braswell.

It is further **ORDERED** that Plaintiff, on or before November 20, 2026, show cause why his claims against Defendants Diederich and Kettlekamp should not be dismissed due to lack of service. Should Plaintiff fail to comply with this order, his claims against Defendants Diederich and Kettlekamp may be dismissed pursuant to Fed. R. Civ. P. Rule 4(m). In the event that Plaintiff, in light of this Court's rulings as set forth in this Memorandum and Order, no longer wishes to presently pursue those claims, he should so advise the Court he wishes to dismiss, without prejudice, the Second Amended Complaint by filing a signed pleading to that effect no later than November 20, 2026.

**SO ORDERED.**

Dated: November 6, 2026

Judge Dugan
Digitally signed by Judge Dugan
Date: 2026.11.06 15:30:19 -06'00'

DAVID W. DUGAN
United States District Judge